**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

WILLIAM P. HALEY,

        Plaintiff,

v.                                                          CIVIL ACTION NO. 2:06cv361

W. RANDOLPH NICHOLAS, SUPERINTENDENT,
CHESAPEAKE PUBLIC SCHOOLS

        Defendant.

***MEMORANDUM OPINION & ORDER***

        This matter is before the Court on Defendant, W. Randolph Nichols', Superintendent of Chesapeake Public Schools, Motion to Dismiss the Complaint of Plaintiff *pro se*, William P. Haley. For the reasons stated below, the Defendant's Motion is **GRANTED**.

**I. FACTUAL AND PROCEDURAL HISTORY**

        On June 28, 2006, Plaintiff brought suit against Defendant claiming that the Chesapeake Public School system violated his constitutional rights under 42 U.S.C. § 1983. As far as the Court can ascertain, Plaintiff's specific contention however, is that his "Right of Association" has been violated because the benefit of a government funded education for his children is only attained if Plaintiff sends his children to schools operated by public employees. Plaintiff further seems to argue that his rights are violated because in order to receive the benefit of a public education, he must allow government personnel to decide who will be in a highly influential leadership role over his young and impressionable children. (Response Opposing Motion to Dismiss, p. 2). On July 24, 2006, Defendant filed a Motion to Dismiss along with a Brief in

Support of Motion to Dismiss. Defendant provided Plaintiff the required notice of their Motion to Dismiss pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on July 24, 2006. On August 8, 2006, Plaintiff filed a Response Opposing Defendant's Motion to Dismiss. On August 15, 2006, Defendant filed its Reply Brief in Support of Motion to Dismiss. On August 21, 2006, Plaintiff filed a Motion for a Hearing. On August 22, 2006, Defendant filed a Brief in Opposition to the Motion for a Hearing. The Court finds that because the positions of the parties are fully set forth in the pleadings filed in this case, a hearing is unnecessary. Accordingly, this matter is now ripe for adjudication.

## II.  LEGAL STANDARDS

**A.     Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint that fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A court will only grant a motion to dismiss if "it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." *Adams v. Bain*, 697 F.2d 1213, 1216 (4th Cir. 1982) (quoting *Johnson v. Mueller*, 415 F.2d 354, 355 (4th Cir. 1969)). Courts may only rely upon the complaint's allegations and those documents attached as exhibits or incorporated by reference. *Simons v. Montgomery County Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985). Further, on a motion to dismiss, the court must assume the truth of facts alleged in the complaint. *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996).

**B.     Subject Matter Jurisdiction**

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of an action if the Court lacks subject matter jurisdiction. Unless a matter involves an area over which federal

courts have *exclusive* jurisdiction,[1] a plaintiff may bring suit in federal court only if the matter involves a federal question arising "under the Constitution, laws or treaties of the United States," 28 U.S.C. § 1331, or if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1).

The Court assumes that all factual allegations in the complaint are true if it is contended that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). However, if the factual basis for jurisdiction is challenged, the plaintiff has the burden of proving subject matter jurisdiction. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). To determine whether subject matter jurisdiction exists, the reviewing court may consider evidence outside the pleadings, such as affidavits or depositions, *Adams*, 697 F.2d at 1219, or whatever other evidence has been submitted on the issues. *GTE South Inc. v. Morrison*, 957 F. Supp. 800, 803 (E.D. Va. 1997). The court must weigh the evidence before it to establish its jurisdiction. *Thigpen v. United States*, 800 F.2d 393, 396 (4th Cir. 1986) ("[a] court asked to dismiss for lack of jurisdiction may resolve factual disputes to determine the proper disposition of the motion.").

### III. DISCUSSION

Defendant moves to dismiss the action stating that the Court lacks subject matter jurisdiction. Defendant argues that Plaintiff has not asserted a justiciable case or controversy and further, that he lacks standing to bring this particular claim. Under Article III of the Federal

---

[1] *See* 28 U.S.C. § 1333 (federal courts have exclusive jurisdiction to hear admiralty, maritime, and prize cases); 28 U.S.C. § 1334 (federal courts have exclusive jurisdiction to hear bankruptcy cases and proceedings).

Constitution, the judicial power of the United States extends only to cases and controversies. U.S. Const. Art. III, Sec. 2.  Neither the Plaintiff's Complaint nor his Response contains any statement of the basis of the Court's jurisdiction.  Plaintiff in this case, as far as the Court can gather, claims that his freedom of association is violated because he "must allow government personnel to decide who will be in a highly influential leadership role over [Plaintiff's] young and impressionable children, in order to have government fund their education." (Compl. p.1). However, Plaintiff fails to articulate what specific practices and/or conduct is allegedly unlawful. While the Court may consider evidence outside the pleadings on a 12(b)(1) motion based on subject matter jurisdiction, *Richmond*, 945 F.2d at 768, Plaintiff's claim offers no justiciable issue and Plaintiff has not established a cognizable violation of any constitutional right.

Plaintiff also fails to demonstrate what, if any, concrete injury he has suffered as a result of Defendant's conduct.  *Sierra Club v. Morton*, 405 U.S. 727, 738 (1972) (holding that for a case to be justifiable in federal court, petitioner must himself have suffered an injury).  In short, Plaintiff has failed to show that "he has sustained, or is immediately in danger of sustaining, a direct injury as the result of the action . . . ." *Ex parte Levitt*, 302 U.S. 633, 634 (1937).  The Supreme Court has stated that it is not "sufficient that [Plaintiff] has merely a general interest in common to all members of the public" *Id.*  In the instant case, Plaintiff simply alleges Defendant's "constitutional violation" but fails to inform the Court of what the " violation" entails and how he, in particular, is directly harmed.  Accordingly, Plaintiff fails to establish standing to seek redress.

Finally, Plaintiff presents a non-justiciable political question.  The Supreme Court has delineated six factors for a court to consider in determining whether an issue presents a matter

beyond judicial competence. *Baker v. Carr,* 369 U.S. 186, 217 (1962). Under *Carr*, this Court lacks jurisdiction over a claim when it implicates "a textually demonstrable constitutional commitment of the issue to coordinate political department; or a lack of judicially discoverable and manageable standards for resolving it; or the impossibility of deciding without an initial policy determination of a kind clearly for nonjudicial discretion or the impossibility of a court's undertaking independent resolution without expressing lack of the respect due coordinate branches of government..." *Id.* In this case, all of these *Carr* elements apply. Plaintiff specifically requests that the Court endeavor to enjoin the Chesapeake Public School System from receiving or spending taxpayer funds without regard to the authority and procedures of the Commonwealth of Virginia's Department of Education. Plaintiff's grievances against the Chesapeake Public Schools System should be brought before the Commonwealth of Virginia's Legislature, not federal court. Accordingly, the Court finds that Plaintiff has failed to allege a justiciable case or controversy and further, that Plaintiff lacks standing to seek redress.

## IV.  CONCLUSION

For the aforementioned reasons, Defendants Motion to Dismiss is **GRANTED** and Plaintiff's Motion for a Hearing is **DENIED.** The Clerk is **DIRECTED** to send copies of this **ORDER** to the plaintiff and to all counsel of record.

It is so **ORDERED**.

_____/S/_____
RAYMOND A. JACKSON
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
October 3, 2006